CITY OF NEW YORK, on Complaint of MARTHA SULLIVAN, Respondent, *v.* PATRICK SULLIVAN, Appellant.

First Department, December 27, 1935.

*Charles J. Kemins,* for the appellant.

*Edmund L. Palmieri* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the respondent.

GLENNON, J. The appellant, who is seventy-one years of age, has brought up for review two orders entered in the Domestic Relations Court of the City of New York. The first, dated January 3, 1935, provides in substance that on July fifth following he shall pay to the petitioner the sum of twenty-five dollars per week, and that he shall furnish a bond in the sum of $2,500 on July 5, 1935, to insure future payments or be committed to the workhouse for one year. The second, dated July 18, 1935, provides that the time of filing the bond shall be extended to August 2, 1935.

If it were not for the briefs which cover matters not contained in the record, it would be well nigh impossible to understand the facts out of which this controversy arose. The only exhibit received by the court on January 3, 1935, was certain letters testamentary. On July 18, 1935, a citation returnable on the 29th day of October, 1935, in the Surrogate's Court, New York county, was marked in evidence.

While there may be some informality allowed, still, it is our opinion that drastic orders such as we have here under review, should not have been entered over the objection of the appellant without proof. An opportunity should have been afforded to the appellant to be heard, and to present witnesses pursuant to the provisions of section 128 of the Domestic Relations Court Act. Furthermore, it must be borne in mind that a person cannot be deprived of his property or liberty without being given an opportunity to cross-examine those who may be called to testify against him. While the statute may be silent as to the necessity of calling a petitioner as a witness, common sense would dictate that this procedure should be followed in a contested case.

It will be noted that section 58 of the Domestic Relations Court Act reads in part as follows: " An appeal may be taken to the Appellate Division of the Supreme Court of the appropriate judicial department by any party to the proceeding from any final order or judgment of the court, within thirty days after the entry of said order or judgment, and the provisions of article thirty-seven and article thirty-nine of the Civil Practice Act shall relate to appeals hereunder in so far as such provisions may be practically applied thereto."

Mere discussion between court and counsel is not helpful upon a review. This case indicates that the trial justice may not have been mindful of the fact that the rights of the appellant should have been safeguarded, as well as those of the petitioner.

Since a rehearing is necessary the court in making an award should take into consideration not only the fact that the appellant is about to receive a legacy but should consider, in addition thereto,

his advanced years, and the amount of money he may need for his support when he is no longer able to receive anything for his labors.

The orders should be reversed and the matter remitted to the Domestic Relations Court of the City of New York to proceed anew.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Orders reversed and the matter remitted to the Domestic Relations Court of the City of New York to proceed anew.