Appeal from an order of the Domestic Relations Court of the City of New York, entered August 29, 1946, which directed defendant to pay a certain sum weekly for the support of petitioner and the infant son of the parties.

Per Curiam.

At the hearing on August 22, 1946, before a justice of the Court of Domestic Relations, it was stated that the case was placed on the calendar to ascertain if the husband, appellant, would pay $50 for necessary medical expenses for the child of the separated parties. After taking the husband’s testimony with regard to $100 he had borrowed to pay a debt for a friend and with regard to his earnings, the justice then presiding adjourned the hearing directing that the husband’s earnings be investigated and that a subpoena be served on the man who gave the cheek.
The adjourned hearing on August 29, 1946, was before a different justice. Without calling the witness who had been subpoenaed to produce his books and records and without any additional testimony as to earnings by the husband *958 or adducing any facts as to what the directed investigation of appellant’s earning's had disclosed, the trial court modified the original order by granting an increase of the weekly payments to the wife from $16 to $23 a week on the ground that the husband had a potentially greater earning capacity than he claimed.
The husband, who had consented to proceed without being represented by counsel, contended that he earned a net of $31 a week and that $23 was excessive and unsupported by the evidence.
The penalties provided for the failure to obey an order of the Domestic Relations Court are drastic. "While the court had power in its discretion under section 92 of the New York City Domestic Relations Court Act (L. 1933, eh. 482) to modify the prior order and while there may be some informality allowed in these proceeding's, we think on the facts disclosed in this record that appellant did not have a proper opportunity to meet the issue considered and decided at the second hearing (see City of New York [Sullivan] v. Sullivan, 246 App. Div. 55).
The order appealed from should be reversed, without costs, and the issues remanded for further hearing.
Martin, P. J., Glennon, Dore, Colin and Van Voorhis, JJ., concur.
Order unanimously reversed, without costs, and the issues remanded for further hearing. Settle order on notice.