"Isaac Posner", Petitioner, *v.* "Rebecca Posner", Respondent.*

Domestic Relations Court of the City of New York, Family Court, Bronx County, February 25, 1952.

"*Isaac Posner*", petitioner in person.

"*Rebecca Posner*", respondent in person.

---

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details, in consonance with the spirit of section 52 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482).

SICHER, J. This proceeding has been instituted under amendments of Domestic Relations Court Act of the City of New York, in effect April 18, 1950, which then created the novel statutory amenability of a wife to a *prospective* order of this court to exonerate the community from the burden of her husband's support (L. 1950, ch. 786).

That new legislation supplemented the previously created statutory obligation of a wife, if of sufficient ability, to *reimburse* the commissioner of welfare of the City of New York, or like officials elsewhere in the State, for *past* expenditures of public assistance funds for the maintenance of her husband (Social Welfare Law, § 101, subd. 1, § 104; see *Hodson* v. *Stapleton,* 248 App. Div. 524).

Those 1950 amendments of Domestic Relations Court Act consisted of a new subdivision, designated (6-a), in section 92, a new section designated 92-a, and an additional sentence at the end of subdivision 1 of section 101, as follows:

" § 92. *Powers.* * * * (6-a) To make an order requiring a wife, *if she is of sufficient means,* to support or contribute to the support of the *husband who is or is likely to become a public charge.* "

" § 92-a. *Petition for support of husband.* The commissioner of welfare of the city of New York, in an appropriate case, may file with the court a petition against a *wife who has sufficient means,* for the support of the *husband who is or is likely to become a public charge.* "

" § 101. *Legal liability for support.* 1. * * * A *wife* is hereby declared to be chargeable with the support of her *husband who is or is likely to become a public charge,* and, *if possessed of sufficient means,* may be required to pay such sum, or any part thereof, as may be necessary to prevent his being or becoming a public charge. " (Emphasis supplied.)

At common law it has always been the husband's duty to support his wife (*Goodale* v. *Lawrence,* 88 N. Y. 513, 519), measured not necessarily by current resources but also by potential capacity (see " *Everett* " v. " *Everett* ", 197 Misc. 515, 519-520). The provisions of Domestic Relations Court Act relating to the husband's duty of support are therefore merely declaratory of the common law, and they read:

" § 92. *Powers.* In the exercise of its jurisdiction the court shall have power (1) To order support of a wife or child or both, *irrespective of whether either is likely to become a public charge,* as justice requires having due regard to the circumstances of the respective parties. * * * (6) To make an

order for support of a wife by the husband, even though she may have left the home, in cases where the husband's conduct or condition or his cruel or inhuman behavior made it unsafe, improper or undesirable for her to continue to live with him. ''

'' § 101. *Legal liability for support.* 1. A husband is hereby declared to be chargeable with the support of his wife and children and, *if possessed of sufficient means or able to earn such means,* may be required to pay for their support a fair and reasonable sum according to his means, as may be determined by the court. '' (Emphasis supplied.)

However, at common law there never existed any corresponding duty on the part of the wife to support her husband. And the above-quoted 1950 amendments of Domestic Relations Court Act created a statutory duty appreciably narrower than the support obligation of a husband. Thus, the wife's statutory duty is limited to a husband '' who is, or is likely to become a public charge ''; and it arises solely when the wife *presently possesses* sufficient means to indemnify or exempt the community in whole or part. That is, said chapter 786 of the Laws of 1950 does not contemplate the analogy of alimony for a wronged wife nor entry of an order for an indigent husband on potential earning capacity of a wife not presently employed or possessed of resources. Instead, it reaches only a wife of an otherwise pauper husband if she is currently a wage earner or has other resources, originally her own or acquired from him.

Moreover, the intent or legal effect of those 1950 amendments is to place the wife of an indigent husband in the category of persons '' declared to be severally chargeable with the support of such poor relative '' (N. Y. City Dom. Rel. Ct. Act, § 101, subd. 4), namely, '' the parents, the grandparents and the children of a dependent person over seventeen years of age, who has been a resident of the city at any time during the twelve months preceding the filing of the petition for his support, and who is unable to maintain himself and is likely to become a public charge '' (N. Y. City Dom. Rel. Ct. Act, § 101, subd. 4). That is, the underlying theory of that 1950 enactment must be that an indigent husband is a '' poor relative '' and that his wife may therefore be included among the persons legally chargeable for his support as a duty to the community rather than as a marital obligation of one spouse to another. For, the Legislature can confer on Domestic Relations Court of the City of New York as a statutory court of enumerated powers jurisdiction only within the frame of the constitutional grant, namely: '' The legislature may establish children's courts, and

courts of domestic relations * * * and may confer upon them such jurisdiction as may be necessary * * * to compel the support of a wife, child, or poor relative by persons legally chargeable therewith who abandon or neglect to support any of them.'' (N. Y. Const., art. VI, § 18.) Such enumeration specifies only wives, children and '' poor relatives '' and does not include husbands. For that reason it seems to me that those 1950 amendments would be void unless so construed rather than as imposing on the wife a primary responsibility for support of her husband comparable to the common-law duty of a husband towards his wife.

True, it may well be that on the particular facts the court would order a wife to assume all, or the major part, of the burden of the husband's support in a proceeding brought jointly against her and the children, in application of the further provision of subdivision 4 of section 101 of the Domestic Relations Court Act of the City of New York which reads: '' The court shall determine and apportion the fair and reasonable sum that *each* such person shall be required to contribute, *as may be just and appropriate in view of* the needs of the petitioner and *the other circumstances of the case and their respective means.* '' (Emphasis supplied.) For example, where the wife is a substantial wage-earner and each son has small income and his own immediate family to support, or especially a case in which the wife has accumulated a nest egg from the husband's earnings and then turned him out when he is old and no longer able to contribute. But orderly procedure seems to call for simultaneous proceedings against the wife, all adult children, and any surviving parent within the residential jurisdiction of the court (N. Y. City Dom. Rel. Ct. Act, § 103, subd. 3, par. [a]).

For completeness it should be added that a different view is entertained by some justices of this court, as thus described in a previously published opinion of mine ('' *Kinsey* '' v. '' *Kinsey* '', 200 Misc. 260): '' As above indicated, at the September 22, 1950, hearing Justice FOGARTY regarded chapter 786 of the Laws of 1950 as imposing on the wife the primary duty for support of an indigent husband and the obligation of the parents for such support as secondary only. Moreover, in a July 14, 1950, circular letter of administrative instructions Presiding Justice JOHN WARREN HILL wrote that chapter 786 of the Laws of 1950 ' as far as procedure and practice in our court is concerned, places the wife in the same position with respect to her husband as the husband now occupies with respect to the wife, under our law, provided the wife is of sufficient means and provided he is

or is liable to become a public charge. * * * The wife has been made primarily responsible for the support of an indigent husband provided she has sufficient means. It follows therefore, that in a proceeding against the children for the support of their father it must be shown that the wife is unable to support the father.' " (" *Kinsey* " v. " *Kinsey* ", *supra*, p. 767.)

It remains to apply the foregoing analysis to the facts in the instant proceeding.

The parties intermarried on December 2, 1917, became the parents of three children (all now adults), and separated twelve years ago. At that time the petitioner-husband owned a candy shop. He testified that he soon lost it and thereafter supported himself by part-time employment in other candy stores and at newsstands; also, that recently he has been dependent on earnings of $15 a week as a newsstand helper, residence with a male friend, and assistance from a married daughter.

On October 15, 1951, he withdrew the entire then balance of $201.89 from an account in Chemical Bank and Trust Company opened August 12, 1942.

A recent home relief application by him to department of welfare of the City of New York was rejected for insufficient proof of eligibility, and thereupon he filed the petition in the instant proceeding.

During the past twelve years he contributed nothing towards the support of his wife or children.

Meanwhile, at first the respondent wife maintained herself and those children by operating a luncheonette; she sold it in 1945, and has since been living on the net sale proceeds of $8,500, periodic withdrawals having diminished her Bank for Savings account to $1,618.05 as at January 1, 1952.

She testified that she has no other account or resources except a $10 weekly contribution from a married son.

Pursuant to order the parties were examined on January 23, 1952, by Dr. Philip E. Henig, director of the court's medical division. He reports that the petitioner-husband, now sixty-one years of age, is completely and permanently disabled by a depressed state and suspected stomach disease; and that the respondent wife, also sixty-one years old, suffers from abdominal attacks indicative of gall bladder trouble and necessitating a diet, although, Dr. Henig concludes, " she can perform any type of work suitable to her age ".

But a sixty-one-year-old woman should not be expected to go to work, assuming it available, to maintain a husband who abandoned her and their minor children, nor should she be

required to draw on her dwindling savings for his support. See *City of New York (Sullivan)* v. *Sullivan* (246 App. Div. 55) in which the Appellate Division, First Department, reversed a support order predicated solely on a $5,000 cash legacy and ruled that the Family Court " in making an award should take into consideration not only the fact that the appellant is about to receive a legacy but should consider, in addition thereto, his advanced years, and the amount of money he may need for his support when he is no longer about to receive anything for his labors. '' (Pp 56-57.)

For the foregoing reasons the petition is hereby dismissed.

However, this dismissal is without prejudice to the filing of a new petition, by the husband father or commissioner of welfare of the City of New York, against the children and the wife jointly, when and if the husband father would otherwise become a recipient of public assistance or eligible therefor.

In such proceeding today's adjudication of the wife's inability to contribute may be persuasive but it is not necessarily *res judicata* upon the children, who are not parties to this proceeding and who might be able to adduce evidence of resources of either parent not now disclosed to the court.

Notice shall be given pursuant to the subjoined direction.