■ In the Matter of LUTTLEAR BOLDEN, Respondent, v. WILLIAM BOLDEN, Appellant.— Order entered December 27, 1966, unanimously reversed, on the law and the facts, without costs or disbursements, and the matter remitted to the Family Court for the purpose of holding a new hearing, at which proof shall be taken on the issue as to whether the respondent wife's appearance by counsel in the Mexican court was fraudulently induced and upon other relevant issues constituting the basis for respondent wife's claimed right to support. The concededly incomplete transcript of the hearing submitted to this court includes no testimony as to the representations constituting the fraud relied upon by the respondent wife or the circumstances under which the petitioner was induced by appellant to sign a power of attorney and to consent to an appearance in the divorce proceeding to be instituted in Mexico. The discussion of counsel, briefs of counsel, and reference to matters *de hors* the record do not constitute a substitute for that testimony and proof prerequisite to the making of a valid order. (See, *City of New York* v. *Sullivan*, 246 App. Div. 55; *Kantrowitz* v. *Kantrowitz*, 21 A D 2d 654; *Querze* v. *Querze*, 290 N. Y. 13.) Concur — Steuer, J. P., Capozzoli, Tilzer, McGivern and Witmer, JJ.

■ GABRIEL PAGLIOCCA, Respondent, v. M. GROSSMAN LUMBER CORP., Appellant.— Order entered June 15, 1967, granting plaintiff a preference for trial in the interest of justice pursuant to CPLR 3403 and rule IX of the Rules of the Supreme Court, New York and Bronx Counties, unanimously reversed on the law and the facts, with $30 costs and disbursements to appellant. The representation of the plaintiff that unless he is granted a preference he cannot soon become economically self-sufficient and may become a public charge is scarcely compliance with the requirements hitherto exacted. Nor is there here present a current medical affidavit with respect to the plaintiff's present physical condition, nor an affidavit of merit. In our view on this record the grant of a preference was an improvident exercise of discretion. (See *Lucas* v. *Gorey*, 26 A D 2d 557.) Concur — Botein, P. J., Stevens, Eager, McGivern and Witmer, JJ.