WAYNE A. COPELAND, as Superintendent of the Wyoming County Community Hospital, Warsaw, New York, Plaintiff, *v.* JACOB WEBER and FRED WEBER, Defendants.

Supreme Court, Wyoming County, November 25, 1940.

*Louis R. James, Jr.,* for the plaintiff.

*Jacob A. Herman,* for the defendants.

GOLD, J. The Wyoming County Community Hospital is a public general hospital, established, existing and operating under the authority of section 126 of the General Municipal Law. The plaintiff is the duly appointed superintendent of said hospital.

Said hospital admitted as a patient the defendant Fred Weber on or about December 9, 1935, and furnished hospital care and services, the reasonable value of the same being twenty-nine dollars and fifty cents. The same has not been paid.

On February 10, 1937, said hospital furnished Robert Weber, a son of said Weber, with hospital care and services, the reasonable value of which was thirty-one dollars and fifty-five cents. No part of the same has been paid.

Said Fred Weber is a son of the defendant Jacob Weber, and said Robert Weber is a grandson of said Jacob Weber.

The plaintiff caused to be made such inquiry as he deemed necessary relative to the ability of said Robert Weber and Fred Weber and of the relatives of said patients legally liable for their support, to pay for their care and treatment in compliance with section 130 of the General Municipal Law.

Such inquiry revealed that the defendant Fred Weber worked on a farm owned by Jacob Weber and received only a bare living and was not able to pay said bills in whole or in part, and that said Robert Weber is an infant. Said Jacob Weber owns a farm, the market value of which would not exceed $1,000, together with some stock and tools used in connection with said farm.

The amount of the hospital services rendered to both patients was not in excess of the actual costs of the maintenance of said patients.

It is claimed, therefore, that the defendant Fred Weber is liable for the services rendered himself and his son, and also that the defendant Jacob Weber is liable for the services rendered his son and grandson.

There is no question but that the defendant Fred Weber is liable for the services rendered for himself and his son.

The plaintiff claims that the defendant Jacob Weber is responsible for services rendered his son and grandson by reason of the provisions of section 130 of the General Municipal Law and sections 125 and 128 of the Public Welfare Law.

Section 125 of the Public Welfare Law provides, in part, as follows: " The husband, wife, father, mother, grandparent, child or grandchild of a recipient of public relief or of a person liable to become in need of public relief shall, if of sufficient ability, be responsible for the support of such person. Step-parents shall in like manner be responsible for the support of minor step-children."

The question of liability hinges entirely upon the question of what the words " if of sufficient ability " mean.

In the present case, Jacob Weber is a man of seventy-eight years. He has this farm upon which he resides and from which he makes his living. He does this with the aid of his son, the defendant Fred Weber, who also obtains a living from the same. Jacob Weber has ten children and thirty grandchildren.

Plaintiff claims that the defendant, having assets subject to levy and sale under an execution, is brought within the statute as one of sufficient ability and liable under the statute. If this theory is correct, it would mean that a man of the age of seventy-eight years, who has saved a home for himself, must lose the same if any of the ten children or thirty grandchildren need public aid to the extent of the value of the property owned by himself and from which he makes his own living.

I do not believe the Legislature could have intended this. I think " of sufficient ability " means, that where a man has sufficient for his own needs and has something over and above the same, then he is of sufficient ability to support himself, and out of the residue to help support his dependents.

In the present case the evidence does not disclose that he has anything other than a home for himself, and such as will permit him to support himself without becoming a public charge.

I, therefore, hold that the plaintiff is entitled to a judgment against the defendant Fred Weber for services rendered to himself and his son, and that judgment should be entered in favor of the plaintiff therefor.

That the plaintiff is not entitled to recover against the defendant Jacob Weber.

Let judgments be entered accordingly.