J. Kenneth Servé, J.
This is a proceeding instituted by the Orleans County Commissioner of Public Welfare pursuant to article 3 of the Social Welfare Law and section 914 of the Code of Criminal Procedure for the purpose of compelling Stanley Cook to contribute to the support and maintenance of his mother, Ruth Cook, who is 79 years of age and a recipient of public assistance.
On April 2, 1957 an application was made to the Orleans County Welfare Department for medical and special needs for Mrs. Ruth Cook and since the 26th day of July, 1957 and up to the present time she has been a nursing home patient and her expenses in connection therewith have been paid for by public assistance. The amount of public assistance expended for her from July 26, 1957 to February 1, 1960 is $6,373.28. At the present time the regular monthly amount of public assistance expended for her nursing home care is $177, but this sum does not include estimated monthly medical expenses in the amount of $15 to $25. Stanley Cook does not contribute toward the support and care of his mother.
Stanley Cook is married and lives with his wife on his own farm in the Town of Caines, Orleans County, New York. In his household there is also residing with him, his wife’s parents, who are about 86 years of age and who have no income except a $50 monthly pension. It does not appear that Stanley Cook renders any financial assistance to his parents-in-law, except that he does furnish a place for them to live in his own- home, with heat, lights and power.
*480 The respondent took the stand in his own behalf and testified that he is employed at the Kee-Lox Company in Rochester, New York, and that his weekly net wages average $78.26 and that he has additional income in the approximate amount of $585, which is derived from his farm as a conservation payment. His 1959 gross income (without payroll deductions) and including the afore-mentioned conservation payment aggregated $6,012.55; however, in November, 1959 the defendant voluntarily changed his place of employment to the Kee-Lox Company and he said that he will receive a lesser amount of wages in his present employment because he will not have the opportunity for overtime work as he did in his old position. Mr. Cook did testify that in his new position in January and up to February 19,1960 he did work overtime for at least a period of three weeks and during such period his net take home pay was between $118 and $128 per week.
The respondent’s farm, which he owns and where he resides is assessed for $11,000 and it appears that the same is free from any mortgage lien or encumbrances. According to the respondent’s testimony, his annual living expenses, not including food and clothing for himself and his wife, amount to $2,642.69. This latter sum does not include income tax payments as to his wages or Blue Cross and Blue Shield payments because his testimony related to net wages and not gross wages. He did testify that his estimated weekly expenses for food for himself and his wife amounted to $28. The court believes that the respondent has to a certain extent overestimated such food expenses. In his annual expenses, the respondent has included monthly finance payments as to an automatic clothes dryer. The primary purpose and essential objective of section 101 of the present Social Welfare Law and section 914 of the Code of Criminal Procedure is the protection of the public purse. (Matter of Hetrick, 126 N. Y. S. 2d 261; Anonymous v. Anonymous, 176 Misc. 107.) Despite the blandishments of advertising copy, the court is somewhat skeptical in a proceeding such as this as to the propriety of an expense for an automatic clothes dryer when the purchaser is chargeable with the support of a person receiving public assistance and he is not contributing thereto.
The question which this court has to determine is whether an order should be made under the pertinent provisions of the Social Welfare Law and/or the Code of Criminal Procedure to compel Stanley Cook to support or partially support his mother. Under the common law no duty rested upon a child to support his parents. (Ulrich v. Ulrich, 136 N. Y. 120-123; Matter of Salm, 171 Misc. 367.) However, the Legislature has *481 seen fit to place this duty upon a child and such obligation is found in subdivision 1 of section 101 of the Social Welfare Law, which provides that 1 ‘ the husband * * * or child of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person. ’ ’ A similar provision is found in section 914 of the Code of Criminal Procedure.
What is ‘‘ sufficient ability ’ ’ must depend upon the circumstances in each case. In the case of Matter of Conklin (78 Misc. 269), the court said (p. 272) on this point “it cannot depend solely upon the amount of the property the defendant owns, for in that case a child proceeded against might have a princely income and no property subject to levy. Neither can it depend solely upon the income, as his income might be small and the amount of his property large, but, as stated before, must depend upon the circumstances of each separate case.” Surrogate Wingate in speaking of the phrase “ ‘ if of sufficient ability ’ ” stated as follows: ‘ ‘ The only responsible interpretation of the quoted phrase is that such liability exists, if the cash and property available to him is adequate to permit payment. Any other construction would permit a millionaire who chose to allow his funds to lie idle and who was not employed, to escape liability while holding responsible a person with no capital assets but earning meagre wages.” (Matter of Modafferi, 174 Misc. 789.)
The respondent does not support anyone but himself and his wife, except as to such assistance given to his parents-in-law as outlined above. Taking into consideration the respondent’s real estate, his income and his expenses, actual and estimated, it appears that Stanley Cook is a man who has sufficient for his own needs and something over and above. (Copeland v. Weber, 175 Misc. 403, 404.)
It is the opinion of this court that the respondent, Stanley Cook should contribute the sum of $10 per week toward the support of his mother, which he is directed to do beginning one week after the entry of an order.
Submit order in' accordance with this decision.