148

ROBERT P. WHALEN, as Commissioner of Public Welfare of the Albany County Public Welfare District, Respondent, *v.* EDWARD DOWNS, Appellant.

Third Department, March 18, 1960.

*Morris Zuckman* for appellant.

*John J. Pennock, County Attorney (John J. Clyne* of counsel), for respondent.

*Per Curiam.* . In this action by the County Commissioner of Public Welfare against the defendant for reimbursement of $4,233.66 expended for public assistance granted by plaintiff to defendant's mother, the County Court has entered summary judgment in favor of the plaintiff.

The basis of defendant's liability for public assistance granted his mother is that he be " of sufficient ability " to be " responsible for " such support (Social Welfare Law, § 101; see, also, § 104, subd. 1). Plaintiff has the burden of showing the financial ability.

The complaint alleges in general terms that defendant " was possessed or is entitled to possession " of " property " which " has a value sufficient " to reimburse plaintiff for the public assistance given defendant's mother.

This allegation is denied in the answer; and plaintiff's moving affidavit on application for summary judgment states that in a personal injury action in the Supreme Court defendant has had " a jury verdict " for $40,000 and a judgment was entered in his favor on May 22, 1959 for $40,184.10.

Defendant's answering affidavit shows that an appeal was taken on this judgment. Plaintiff does not deny that an appeal has been taken; and there is no showing by plaintiff that the judgment has been affirmed and has become final; that the judgment debtor is solvent, or that the judgment has been paid or is about to be paid.

A judgment for $40,000 on appeal may or may not give the owner thereof " sufficient ability " within section 101 of the Social Welfare Law to pay $4,233.66. It may be so reversed on appeal as to be worthless; and the judgment debtor may not, in any event, be able to pay any part of it.

" Sufficient ability " within the terms of the statute which gives the Commissioner a right of action against the defendant

as son, means the provision or control of an asset which is worth the amount or a portion of the amount of the public assistance given.

In this kind of statutory action the actual ability to reimburse the welfare officer is an indispensable condition of the right of the officer to recover and a judgment will not be entered first to test the ability to pay by execution. The ability to pay is an essential part of the cause of action and the plaintiff has the burden of establishing it before he is entitled to judgment.

The affidavit in support of plaintiff's motion for summary judgment does not establish this by showing a judgment has been entered where defendant shows, without plaintiff disputing it, that an appeal has been taken.

Upon this record summary judgment should not have been entered because triable issues are demonstrated. Adequate remedies existed in favor of plaintiff to ascertain the facts. For example, plaintiff could examine the defendant or his attorney before trial to ascertain the status and value of the judgment and could, upon order of the court, have examined the judgment debtor and his insurer, if any, since plaintiff's right to recovery depends on showing that the judgment creates in defendant an actual financial ability to reimburse.

On this appeal defendant argues that the statutory obligation depends on showing the ability to support existed at the time the public assistance was rendered and that property subsequently acquired is not within the contemplation of the statute. (*Hodson* v. *Stapleton*, 248 App. Div. 524; *Matter of Moore*, 277 App. Div. 471.)

But the cause of action which is the basis of defendant's judgment existed at the time the public assistance was given his mother, and if the judgment taken on it is good, was a valuable asset. The accident occurred November 2, 1956; the assistance was granted from December 5, 1957 to May 7, 1959. These facts distinguish *Hodson* and *Matter of Moore* (*supra*).

The circumstance that defendant signed the application for his mother's relief brings no special personal contractual obligation to him for reimbursement. It is clear from the application signed by defendant on an official form that the recipient was the mother, and that although the defendant was "applicant" he was not the recipient but the son of the recipient. No statement appears in the application form by which the applicant assumed personal financial responsibility to reimburse and we hold that his responsibility in this case rests entirely on the statute.

If as the Commissioner argues the cause of action was, at the time the assistance was given his mother, an asset of defendant affecting the sufficiency of his ability to pay, due attention should be given to that part of the cause of action which was for the recovery of loss of earnings or other financial loss during that period; and we would assume readily that recovery in the personal injury action for this loss could be considered in computing the amount of the plaintiff's cause of action for reimbursement.

This issue would be triable in the present action and would be determined on a finding by the trier of the fact herein from the pleadings, the particularization and the proof in the personal injury action. We assume that this aspect of the cause on which the $40,000 judgment is based would be sufficient if the judgment becomes final and is good, to establish the sufficient ability of defendant during the period of public assistance to sustain the plaintiff's claim.

But if the actual recovery for money loss by defendant is not sufficient, a problem of greater complexity may arise which involves important considerations of public and judicial policy and which we find unnecessary to answer definitively at this stage of the action.

The problem would be whether, as in this case, a man has lost an eye and is compensated by a judgment for the eye as a permanent injury, the compensation being intended in legal theory to pay.him for the loss of function the rest of his life, such a loss is to be regarded as an asset on which a " sufficient " financial " ability " to support a relative for a particular time is to be calculated; or whether equitably for the purposes of this statute the loss of an eye ought not be deemed commuted over the life expectancy of the injured person.

Under ordinary circumstances the " sufficient ability " to support a relative would take into consideration the other needs of the person from whom reimbursement is sought, e.g., his own necessities in relation to his income. Certain kinds of recovery for loss of bodily function may conceivably be treated, as a matter of law, in somewhat similar fashion; but unless the judgment is insufficient in the other respects that have been discussed to meet the plaintiff's demand, that question may not arise in this case.

There is a sufficient issue of fact as to the status and value of the judgment to require a trial. If there is danger shown that the proceeds of the judgment may be wasted or lost while the issues in this case are being tried out, plaintiff may apply to the court for proper relief to preserve the proceeds.

The judgment and order should be reversed on the law and the facts and motion denied, with costs to the appellant.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Judgment and order reversed, on the law and the facts, and motion denied, with costs to the appellant.