■ In the Matter of JAMES R. DUMPSON, as Commissioner of Welfare, City of New York, Respondent, v. ROSALYN CEMBALIST, Appellant.— Order of the Family Court, Bronx County, dated November 5, 1964, directing appellant, pursuant to section 415 of the Family Court Act, to pay $25 per week towards the support of her 88-year-old father, unanimously reversed on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court for a new hearing. There is no dispute that appellant's father is a guest at Kingsbridge House in The Bronx and that the cost of maintaining him there is $460 per month. Section 415 of the Family Court Act makes the child of a recipient of public assistance or care responsible for the support of such person, if the child is "of sufficient ability". Section 101 of the Social Welfare Law imposes a similar obligation. In *Whalen* v. *Downs* (10 A D 2d 148) the court held (p. 151) that the burden was on the petitioner in such a case to show financial ability; and that "sufficient ability" to support a relative "would take into consideration the other needs of the person from whom reimbursement is sought, e.g., his own necessities in relation to his income." It is apparent therefore that a determination of "sufficient ability" can only be made after a consideration of the peculiar circumstances of each case. We recognize, as did the court in *Matter of Liddle* v. *Roberts* (15 A D 2d 620, 621) "that proceedings of this type are conducted in an informal manner" but that nevertheless "a record should be developed that justifies

subsequent action by the court in directing payment". The record in the instant case indicates that the Family Court Judge did not permit appellant — who was not represented by counsel at the hearing — to go into the matter of her expenses, a prerequisite for a proper conclusion as to appellant's "sufficient ability" to contribute to the support of her aged parent. Appellant should have that opportunity at the new hearing ordered. What is more, there should be clarification in any new record to be made as to contributions by appellant's sister and three brothers. While the minutes in the present record have a reference to some orders in that regard, there is nothing more to indicate the terms of the orders. Where more than one child is held responsible for the support of a parent, " the court may apportion the amount among the children in a just amount according to the respective means of the children ". (*Matter of Anonymous* v. *Anonymous*, 41 Misc 2d 533, 534.) Finally the record needs clarification as to the so-called " budget" prepared by the Department of Welfare as to appellant's needs. Evidently, before the proceeding was commenced, the Department of Welfare had fixed the sum of $86.70 as appellant's monthly surplus, based on a "budget" prepared by the department. At the hearing the surplus was figured at $122 semi-monthly. The record does not show whether the "budgets" referred to were the same or different ones. Under all the circumstances, a new hearing is essential so that a proper record may be made upon which to predicate any determination as to the amount appellant should contribute towards the support of her father in accordance with section 415 of the Family Court Act and section 101 of the Social Welfare Law. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.