JUDITH REISS, Mother on Behalf of MARK REISS, and Another, Appellant, v. TED REISS, Father of MARK REISS, and Another, Respondent.— In a proceeding by a mother of two children against the father, to compel increased financial support for the children, the petitioner appeals from an order of the Family Court, Kings County, entered November 27, 1964, which denied her application: (a) to modify a prior court order rendered May 1, 1964 directing the father to pay $15 weekly for each child, so as to increase such amount; and (b) for the allowance of a counsel fee. Renewed motion by respondent to dismiss the appeal from the said order of November 27, 1964, denied. Respondent claims that this order is one which in effect denied reargument of the prior application for support, and that an order denying reargument is not appealable. In our opinion, under the circumstances here, this order must be deemed to be one which denied petitioner's application to modify the prior order, based on new or supervening facts which arose after the decision upon the prior application. By virtue of its "continuing jurisdiction" in a support proceeding (Family Ct. Act, § 451), the Family Court was empowered to modify or vacate the prior order. Hence, the order is appealable. The fact that petitioner failed to submit adequate proof of such new facts may have justified the denial of the motion to modify the prior order but did not change the character of the motion or affect the appealability of the order entered thereon. Order of November 27, 1964 reversed on the law and the facts, without costs; and petitioner's application to increase the award made by the prior order of May 1, 1964 remitted to the court below for a hearing and for further proceedings not inconsistent herewith. It appears that since the earlier order of May 1, 1964 was made, the personal and the financial conditions of all the parties—the mother, the father and the children—have changed substantially. Such change, if established, would empower the court, in the exercise of its discretion, to modify or vacate its prior order (Family Ct. Act, § 451). Unfortunately, no proof was taken to determine the truth of the asserted changes and of the children's need for increased support. Therefore, in the interests of justice, a hearing should be held for the purpose of determining: (a) the extent of these alleged changes; (b) whether they require a change in the measure of the financial support now provided by the father for the children; and (c) if such change be required, the extent of such change in the light of the father's current earnings and resources and in the light of the current condition and needs of the children. The determination as to whether any increase shall be made in the prior award for the children's support, and

as to whether any allowance shall be made for a counsel fee, and if made, the extent of such increase and the amount of such allowance, should be based on the proof which is adduced upon the hearing now directed. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.