J. George Follett, J.
These proceedings were brought by the St. Lawrence County Department of Social Services in order to implement amendments to the Federal Social Security Act requiring the States to maximize their efforts to *509 obtain support from responsible relatives for certain dependents receiving public assistance.[1]
The respondents move to dismiss the petitions for the reason that they do not allege any change of circumstances relating to the needs of the dependents or any increased ability on the respondents’ part to pay additional support. The respondents argue that they should not be bound by a formula devised as a result of amendments to the Federal Social Security Act. The pertinent facts of the two cases are as follows:
In the Glenn Baxter case, the Family Court folder reveals that a support petition was filed by the wife on September 3, 1969 seeking support for a child expected to be born as well as for the petitioner. The intake summary at that time indicated that the mother commenced receiving public assistance in August, 1969. Hearings were held on September 22 and again on October 20 of 1969. The Department of Social Services case representative was present in court at the time of both hearings. An order was entered requiring the respondent to pay $7 per week for the expected child. That order is still in effect.
On March 18, 1976, the St. Lawrence County Department of Social Services filed a "Petition for Modification of a Support Order and Intervention.” The department alleges there has been a change of circumstances by reason of an assignment of rights by the mother to the department pursuant to title IV-D of the Federal Social Security Act, as amended. (US Code, tit 42, § 651 et seq.) The department further alleges "under the HEW Title 20 Social Services Law that any money over the amount of $325.00 which he is allowed to keep for his personal use is considered to be (by the Department of Social Services, State Department of Social Services and also the Federal Government) monthly available income and should be contributed towards the support of his dependents who are now presently receiving public assistance from this Department.”[2]
*510 In the Richard Cole proceeding, a support agreement between the husband and wife was filed with the court on May 8, 1975 along with a petition for its approval signed by the wife. On May 12, 1975, an order of support for $75 a week divided $20 for each of three children and $15 for the wife was entered by this court pursuant to the terms of the support agreement.
On February 3, 1976, the St. Lawrence County Department of Social Services filed a "Petition for Support” against the respondent alleging that the respondent is a responsible relative under provisions of section 101 of the Social Services Law. The petition alleges "the Respondent pays voluntary support of $75.00 per week. Recommend support be increased to $106.56 per week according to the IV-D formula. Recommend wage deduction order, which is also agreeable with Mr. Cole.”
The Department of Social Services argues that under section 437 of the Family Court Act, the respondent is prima facie presumed to have sufficient means to support his dependents. Therefore, the department need only show the public assistance need whereupon the burden is shifted to the respondent to demonstrate that he cannot meet that need.
That argument cannot be sustained. Section 451 of the Family Court Act gives the court continuous jurisdiction over support proceedings "üntil. its judgment is completely satisfied” and provides that the court "may modify, set aside or vacate any order issued in the course of the proceeding.” It is well established that a modification of a support order can only be made upon a showing of a change of circumstances.[3]
Nor can the court presume change of circumstances. To do so could result in a respondent being called to court repeatedly to demonstrate that he is unable to pay a greater amount of support. Furthermore, the Department of Social Services would be relieved of any need to investigate into the man’s means and earning capacity in advance of the court hearing. In effect, this argument would shift the investigation into the courtroom tying up court time, personnel and facilities as the department prepares its case.
*511 The department further argues that without the presumption it is, as a practical matter, unable to investigate and allege any improved circumstances on the part of the respondent sufficient to justify an increase in support since all such information is within the possession of the respondent. However, the department has available to it all of the disclosure devices available in the CPLR. It is now well established that financial circumstances are proper subjects for disclosure inquiry in support matters.[4]
It is recognized that in this county there is only one attorney handling the various causes of the St. Lawrence County Department of Social Services. That is a problem of the department and not one which merits the department special privilege. Both the amendments to the Federal Social Security Act as well as the Federal regulations authorize additional federal reimbursement for staffing to investigate and prosecute support cases under the title IV-D legislation.[5]
Finally the department argues that since it was not a party to the original proceedings, it cannot therefore be bound by the earlier decision of the court and need now only show the public assistance need in order to establish its right to recovery. The department relies upon its rights under section 415 of the Family Court Act and sections 101 and 102 of the Social Services Law.
However, the department comes into the proceeding at a time when an order is already in existence. It should not now be permitted to relitigate issues which were settled between the parties years earlier without a display of reasons therefor. The department may well be able to allege and prove circumstances that warrant review of this court’s earlier decision. But to do so, it may be required in a given case to rely upon disclosure procedures including disclosure to aid in bringing the proceeding as set forth in CPLR 3102.
Turning now to the petitions before the court, it is clear that each must be dismissed but without prejudice. Neither sets forth circumstances which would warrant this court to review its earlier order. Any new petition must allege specific circumstances justifying a change in the earlier order. There is no reason for the papers not to be carefully drawn and legally precise when the petitioner is a governmental agency.
*512 Specifically, an allegation that a respondent is not paying in accordance with a title IV-D formula is totally meaningless. The formula does not at this time even constitute an official regulation of the State of New York. It is in no way binding upon the courts of this State. The courts must follow existing statutes and case law in determining support obligations. To do otherwise would rob the court of its discretionary responsibility as counsel in the Baxter case argues.
A final note needs to be said on the Richard Cole matter. The petition before the court in that case is a petition for support in the first instance rather than a petition for modification. Since, as noted earlier, an order is already in existence, a new support petition is inappropriate and would be subject to dismissal for that reason alone.

. Social Security Act, §§ 451-460; 88 Stat 2351; 42 US Code, tit 42, §§ 651-660. See, also, conforming amendments to New York State law contained in chapter 685 of the Laws of 1975 (Social Services Law, §§ 111-a — 111-g; § 349-b, Family Ct Act, § 571.)

. Pursuant to section 111-a of the Social Services Law (L 1975, ch 685), the State Department of Social Services filed with the Federal Government an "interim” formula for determining the amount of a responsible relative’s support obligation which provides in part as follows:
V.C.3. Determination of Support Obligation
a. The absent parent shall be entitled to an exclusion of $325 per month from his net income for his own support and maintenance.
*510 b. Net income in excess of the exclusions in preceding item shall be available for the support of all dependents of the absent parent. It shall be prorated equally among the ADC applicants/recipients for whom support is being sought and any other dependents of the absent parent.

. Gershowitz v Gershowitz, 35 AD2d 816; Reiss v Reiss, 23 AD 2d 692; Matter of Sullivan v Sullivan, 55 Misc 2d 691, affd 29 AD 2d 739.

. Plancher v Plancher, 35 AD2d 417; Frisina v Frisina, 45 AD2d 869.

. Social Security Act, § 455; US Code, tit 42, § 655; 45 CFR 303.20[f]; 304.22.