THERESA FARINO, Respondent, v STATE OF NEW YORK et al., Appellants.—Judgment unanimously reversed, without costs, and petition dismissed, Simons, J., not participating. Memorandum: The State appeals from a judgment of Special Term which vacated the award of the arbitrator dismissing petitioner's grievance on the grounds of untimeliness and upholding her termination as a mental hygiene therapy aid employed by the New York department and directed that the arbitrator accept the matter in question and render a decision and determination upon the merits of the case without regard to the time limitations involved. On December 14, 1973 the department brought disciplinary charges against petitioner, seeking her termination pursuant to the procedures as set forth in article 33 of the collective agreement between the State of New York and petitioner's negotiating representative. Petitioner was charged with removing substantial quantities of State property from her place of employment without permission. Following the submission of a grievance by petitioner, the department on March 1, 1974 issued its Step 3 decision upholding petitioner's discharge. Copies of the decision were mailed to petitioner and to her attorney. Article 33.4(f) of the collective agreement provides that the Step 3 decision may be appealed to arbitration within 14 calendar days of receipt. Petitioner by letter dated March 25, 1974 filed an appeal to arbitration. A hearing was held before the arbitrator and on August 2, 1974 the arbitrator issued a decision and award finding that petitioner's appeal was untimely. Petitioner then sought an order, *inter alia,* to review the determination of the department in refusing to reinstate her to her position. Special Term found that "the arbitrator was too literal in interpreting the time period" and "in the interests of justice" decided that petitioner was entitled to a decision by the arbitrator. Special Term referred the matter to the arbitrator for a determination, ordering that the time limitations should not be considered by him. We cannot agree. It is well established that the exclusive method for review of an arbitration award which is the result of a voluntary contractual arbitration procedure is contained in CPLR article 75. Such award can be vacated only on the grounds set forth in CPLR 7511 *(Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451, 454). Petitioner claims that the arbitrator exceeded his power (CPLR 7511, subd [b], par 1, cl [iii]) by construing the time limitations of article 33.4(b) too literally. One of the four questions submitted to the arbitrator was whether the grievance was timely filed pursuant to article 33.4(f). Under the power conferred upon him by the agreement, the arbitrator found that the time limits imposed by the agreement had not been met, dismissed the grievance as untimely, and upheld petitioner's termination from employment. Since errors of law and fact are not grounds to vacate an arbitrator's decision *(Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 235; *Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274, 282; *Lentine v Fundaro,* 29 NY2d 382, 385), Special Term's finding that the arbitrator applied the time limitations too literally is not a proper basis for vacating an arbitrator's decision (CPLR 7511; see *Matter of National Cash Register*

Co. [Wilson], 8 NY2d 377). (Appeal from judgment of Oneida Supreme Court —art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.