*419 OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a proceeding for support brought by the Oneida County Department of Social Services under article 4 of the Family Court Act on behalf of Edward Smith against the respondent, Eva Smith. Edward Smith and Eva Smith are husband and wife.
Edward Smith, the husband, is presently confined to a nursing home. He is being supported by and is receiving public assistance in the form of Medicaid through the Oneida County Department of Social Services. The petitioner is requesting an order requiring Mrs. Smith to contribute towards the support of her husband.
Various statutory provisions are applicable in this case. Section 102 of the Social Services Law empowers public welfare officials to begin a proceeding to compel any person liable by law to contribute to the support of any person cared for at public expense.
The liability of a wife for the support of her husband, when he is a recipient of public assistance, is set forth in three statutes. Subdivision 1 of section 101 of the Social Services Law and section 415 of the Family Court Act contain similar provisions, which are identical in relation to the present matter. They provide in part, "the spouse * * * of a recipient of public assistance * * * if of sufficient ability, is responsible for the support of such person”. Both sections provide that the liability of one spouse to contribute toward the support of a spouse receiving public assistance is contingent upon the ability of that spouse to so contribute.
Section 415 continues as follows: "In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means.” (Emphasis supplied.)
The other relevant section, section 445 of the Family Court Act, provides in paragraph (a): "If the court finds after a hearing that a relative, including a step-parent, should be held responsible under section four hundred fifteen for support, the court in its discretion may make an order requiring such person to contribute a fair and reasonable sum for the support of such person.” (Emphasis supplied.)
*420 It will thus be noted that any order pursuant to the provisions of the afore-mentioned sections is expressly made discretionary. Prior to the enactment of the Family Court Act, orders for support under these circumstances were mandatory. The committee comments under section 415 emphasize the legislative intent that orders under section 415 be discretionary and not mandatory and indicated that the discretionary provision was being substituted for the mandatory languge which had existed previously. (Committee Comments, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 415, p 209.)
The petitioner argues that this court must follow a table of support obligations listed in section 360.7 of the Social Services Department Regulations of the State of New York (18 NYCRR 360.7). These regulations, received in evidence, set forth various levels of support based solely on the monthly income of the responsible relative and the number of persons in a given household. They do not appear to allow the Family Court to exercise any discretion, as provided by the sections of the Family Court Act and Social Services Law, indicated above, in the determination of what amount, if any, the spouse should be required to contribute towards the support of the other spouse receiving public assistance.
It is our position that the court can make an award for support only upon consideration of the respective means of the parties and other circumstances of the case as set forth in section 415 of the Family Court Act. To follow the social services regulations to the letter and thus eliminate any exercise of discretion, as specifically provided by law, would not be equitable. Therefore, the court will refuse to make a support order in favor of a public charge if equity is offended thereby. (Matter of Commissioner of Social Servs. of City of N. Y. v Russell, 85 Misc 2d 809.)
A recent decision by the Appellate Division is even more specific. In that case, the trial court, after having heard testimony regarding two formulas by which the Department of Social Services determined the amount of support from an eligible party, selected one of these formulas in arriving at its award. These formulas were based solely on the number of persons in the household and did not consider individual needs of the applicant. The Appellate Division, Second Department, in Matter of Department of Social Servs. v Caro, (65 AD2d 811) held that the procedure was improper stating: *421 "Rather than rely on the support formulas of the Department of Social Services, the Family Court should have made its award based upon the specific needs of the children.”
Compliance with the petitioner’s request and following the table of support obligations without question would eliminate the discretion which the court is required to exercise in these matters and, in effect, would undermine the legislative intent of section 415. Certainly, there would be no objection to using a formula as a guide and only as a guide. However, numerous other factors and circumstances must be considered before any award of support may be made. For example, a respondent may require expensive medical care and treatment on a continuing basis which would make the cost of living greater than that set forth in the formula in the table.
We hold that this court, when requested to order support under the above sections of the Family Court Act and the Social Services Law, will not follow mechanically any table for support obligations as promulgated by the Department of Social Services, but rather will base any award on the analysis of the means of the respondent and other factors and circumstances of the case in order to do substantial justice to all concerned.
In the present case, the respondent is 80 years of age and presently receiving a total income of $389.30 collectively from Social Security and from two pensions. In addition, she owns $9,600 in United States savings bonds. Respondent has set forth her monthly living expenses in a verified affidavit admitted into evidence, and, in addition, she has testified as to these expenses at a hearing. Her expenses are currently $388 per month. We find that these living expenses are neither extravagant nor in any way unreasonable. Respondent’s current income barely meets these needs, including necessary medical care. She has no earning capacity due to her age. In view of these facts, the court will not order any monthly support for the husband to be made from the respondent’s income.
The respondent does have assets of $9,600 in the form of United States savings bonds, which assets she had when she married her husband and which constitute her lifetime savings and probably the only assets she will ever have. We do not feel under the circumstances, including her age, and her medical condition, that she should be required to apply these assets or income from them towards the support of her husband. Her expenses, including food and medical, will in all *422 likelihood increase, and she may need these resources to take care of her own needs, particularly if her physical condition should deteriorate. To require her to apply these resources or any part towards the support of her husband would only put her in a position where she herself might become a public charge if these resources are exhausted.
This court will not order the respondent to make any payments for support of her husband from her assets nor will this court order her to convert any of these assets for that purpose.
The petition is dismissed.