■ In the Matter of EMMETT MILLER, Respondent, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE et al., Appellants, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review an arbitrator's award which dismissed the grievance of Emmett Miller on the ground that it was not timely filed, the appeal is from a judgment of the Supreme Court, Kings County, entered December 20, 1978, which, *inter alia,* vacated the award, directed that petitioner be reinstated with back pay, and directed that a hearing be held by the arbitrator on the merits of the disciplinary proceeding against petitioner. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and the arbitrator's award is reinstated. We note that the arbitrator's award which found the filing of petitioner's grievance to be untimely was improperly challenged under CPLR article 78 rather than article 75. CPLR article 75, however, does not provide a basis for disturbing the award in issue. The decision of the arbitrator concerning the timeliness of the filing of the grievance is not subject to judicial review (see *Matter of Three Vil. Teachers Assn. v Three Vil. Cent. School Dist. No. 1,* 56 AD2d 604; *Farino v State of New York,* 55 AD2d 843). Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.

■ In the Matter of BARBARA A. SMITH, Respondent, v THEODORE SMITH, Appellant.—In a support proceeding, the appeal is from an order of the Family Court, Dutchess County, dated May 3, 1978, which directed the appellant to pay the sum of $94 per month toward "the support of his wife only" to the Dutchess County Department of Social Services. Order reversed, without costs or disbursements, and matter remitted to Family Court for a hearing in accordance herewith. In a support proceeding, pursuant to section 415 of the Family Court Act, the petitioner has the burden of proving that the person on whose behalf support payments are sought is a recipient of public assistance, that the respondent is a person charged with his or her support under the statute and that the respondent has sufficient financial ability to reimburse the Department of Social Services for payments made to the recipient (Family Ct Act, § 415; *Whalen v Downs,* 10 AD2d 148; *Matter of Dumpson v Cembalist,* 23 AD2d 647). In this case, the unsworn oral representations of the petitioner that she is a recipient of public assistance, and the unsworn statements of the appellant concerning his gross income, without an examination into his needs, were insufficient to meet petitioner's burden of proof (see *Matter of Rensselaer County Dept. of Social Servs. v Cossart,* 38 AD2d 635). Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.