■ In the Matter of HARRY HANSEN, Appellant, v ELIZABETH HANSEN, Respondent.—In a proceeding to modify a prior support order, *inter alia,* so as to require the respondent to contribute toward the support of the parties' infant child, the petitioner appeals from (1) an order of the Family Court, Rockland County, dated June 12, 1978, which denied his application and (2) a further order of the same court, dated September 22, 1978, which (a) granted respondent's motion for counsel fees and (b) denied his cross motion for counsel fees. Order dated June 12, 1978 affirmed. Order dated September 12, 1978, modified, on the facts, by deleting the provision granting respondent's motion for counsel fees and substituting therefor a provision denying said motion. As so modified, order affirmed. Respondent is awarded one bill of costs. The parties were divorced in this State in 1976 and the Supreme Court, Rockland County, referred the issues of alimony, custody, child support, counsel fees, and possession of the marital residence to the Family Court. In early 1977 the Family Court, Rockland County, *inter alia,* awarded custody of the one unemancipated child of the marriage to the petitioner and ordered him to pay $30 per week alimony to the respondent. In a "petition for modification of support order" dated September 28, 1977, the father applied to the Family Court, *inter alia,* for support for his son from the respondent. A final support order of the Family Court should not be modified unless there has been a change of circumstances (cf. *Reiss v Reiss,*

23 AD2d 692; *Matter of Gershowitz v Gershowitz,* 35 AD2d 816). We find no such change in this case. Turning briefly to the award of counsel fees, we have reviewed the record and, contrary to the court's conclusion, have determined that each party was capable of paying his or her own counsel fees and that it was an abuse of discretion to make an award in the respondent's favor. The record shows that at the time of the hearing the respondent was employed. Disregarding a garnishment then in effect, her take-home pay was approximately $141 per week which, added to her alimony of $30 per week, gave her a weekly income of $171. She had only herself to support and had no extraordinary expenses. She was apparently financially secure enough to purchase a Cadillac with part of the proceeds from the sale of the marital residence and when she went to Arizona to find a new condominium she was able to provide a personal friend with $400 to enable the friend to accompany her on this trip. Since it is clear that the respondent could afford to provide her own attorney it was an abuse of discretion to award counsel fees (cf. *Ross v Ross,* 47 AD2d 866). Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.