■ In the Matter of CARMEN V., Respondent, v BRUCE R., Appellant. — In a paternity proceeding, the father appeals (1) as limited by his brief, from so much of an order of the Family Court, Queens County (Fogarty, J.), dated July 13, 1981, as continued a prior order of support of $65 per week until such time as petitioner advised the court of the child's expenses, and (2) from a further order of the same court, dated September 8, 1981, which directed that he pay $598.50 per month toward the support of the child. Appeal from the order dated July 13, 1981 dismissed, without costs or disbursements (see Family Ct Act, § 1112). Order dated September 8, 1981 reversed, without costs or disbursements, and case remitted to the Family Court for a new determination

in accordance herewith. Pending the new determination, appellant is to continue paying support in the sum of $65 per week. It was error for the Family Court to modify the previous support award without ordering a hearing at which sworn testimony and other competent evidence could have been presented (see *Matter of Kramer v Kramer,* 49 AD2d 907). The March 19, 1981 hearing, held without the petitioner's having submitted her evidence as to alleged expenses, was nothing more than a brief colloquy between the court and counsel and, as such, was insufficient (see *Matter of Reynolds v Reynolds,* 50 AD2d 993, 994; *Matter of Amicucci v Moore,* 42 AD2d 701). Furthermore, the evidence subsequently submitted by petitioner in the form of a letter from her attorney setting forth her expenses was not legally competent (see *Matter of Smith v Smith,* 70 AD2d 938). It was also substantively insufficient in that it did not set forth her current income. Since both parties are liable for the child's support (see Family Ct Act, § 513), this information is essential to a proper evaluation of the respective support obligations of each party. Accordingly, this matter is remitted to the Family Court for a full hearing, during which appellant shall be afforded the opportunity to cross-examine the petitioner with respect to all competent evidence relevant to a proper evaluation of the child's expenses and his support obligation (see *Matter of Smith v Smith, supra; Matter of Eagen v Bolden,* 51 AD2d 1017). Mangano, J. P., Thompson, Brown and Niehoff, JJ., concur.