OPINION OF THE COURT
George D. Marlow, J.
By petition dated October 1, 1983, the Dutchess County Department of Social Services (hereinafter referred to as the Department) seeks an order of support pursuant to section 415 of the Family Court Act and section 101 of the Social Services Law. The proceeding is brought on behalf of an 80-year-old man who resides at a local nursing home. Payment for his nursing care is currently being made by the Department in the monthly sum of $2,033.66 by way of Medicaid assistance. It is stipulated that respondent, his wife, has been voluntarily reimbursing the Department $200 per month to offset this cost, and his own Social Security and pension payments in the total monthly sum of $556.25 have also been applied toward his care. The Department urges that respondent, who herself is 85 years of age, be directed to surrender and apply her entire life *524 savings of approximately $70,000 in bank accounts toward the support of her husband.
The parties have stipulated that respondent’s annual income from all sources, including the interest earned from her aforesaid bank accounts is $9,000. Based upon the evidence submitted by consent, the court notes that the average interest currently being earned on respondent’s bank accounts is approximately llA% per annum; and that her own living expenses for food, clothing, and ordinary necessities, excluding the amount she has heretofore voluntarily contributed toward her husband’s care, amount to $8,040 annually. It has also been agreed that her annual voluntary contribution of $2,400 for her husband’s care requires her to consume a portion of her savings in the approximate yearly sum of $1,400. The court also notes that respondent has offered to voluntarily contribute an additional $200 per month toward her husband’s care, for a total of $400 per month.
The issues before the court are whether and to what extent respondent’s life savings may fairly be directed to be consumed to offset the public funds currently being expended to support her husband’s needs and still permit respondent herself to avoid becoming dependent on public welfare assistance.
The court begins the resolution of these issues from the underlying belief that the family of a public assistance recipient is, and unquestionably should be, held financially accountable, to the boundaries of their ability, for contributing money to offset the county’s support or Medicaid payments. And, this court will not sit idly by, and permit financially solvent, immediate relatives to avoid this basic human and legal obligation, while at the same time expecting their already overtaxed neighbors to shoulder the entire burden.
Fortunately, however, the instant case involves a wife who has not turned her back on her monetary duty either to her infirm and aged husband or to the rest of society.
Section 415 of the Family Court Act and subdivision 1 of section 101 of the Social Services Law, using virtually identical language, provide in pertinent part that “[T]he *525 spouse * * * of a recipient of public assistance * * * if of sufficient ability [is] responsible for the support of such person” (emphasis added).
Section 415 and subdivision (a) of section 445 of the Family Court Act unquestionably provide the court with discretion to determine the amount of support that is appropriate to be paid by the spouse of a recipient of public assistance. Subdivision (b) of section 445 also provides the court with the flexibility to control the duration of time that such contributions will be required.
In Matter of Hanley v Smith (99 Misc 2d 418) the court, confronted with a factual situation virtually identical to the one at bar, refused to direct an 80-year-old respondent to consume any of her life savings (in that case $9,600) to offset Medicaid payments being made on behalf of her husband. The court made it plain that it would not adhere to any mathematical or mechanical formula to determine liability in such cases, but rather would “base any award on the analysis of the means of the respondent and other factors and circumstances of the case in order to do substantial justice to all concerned.” (Supra, at p 421.) In Smith (supra), the court, emphasizing the importance of the proper exercise of judicial discretion in such matters, considered several factors in determining whether respondent should be ordered to reimburse the Department of Social Services for its expenditures. The court noted that respondent’s funds were the only assets she would probably ever have. Among other factors which the Smith court also considered were respondent’s age, her own medical condition, her current everyday expenses, the probability that those expenses would increase, and the fact that she would be required to utilize her assets to keep herself from becoming a public charge.
The burden is upon petitioner to demonstrate that respondent is of sufficient means to justify an order of support. (See, e.g., Matter of Smith v Smith, 70 AD2d 938; Matter of Dumpson v Cembalist, 23 AD2d 647; cf. Family Ct Act, § 437.) Courts throughout this State have been adopting an equitable approach in these cases. Accordingly, in Matter of Diele (187 Misc 196, 199), the court refused to grant the Department of Social Services a judg *526 ment against the estate of an individual for the support of a relative where, prior to his death, decedent had assets of only $7,000. The court, after examining whether the decedent during his lifetime had “sufficient ability”, held that the $7,000 was no more than decedent would have required for sickness, old age, and burial expenses for himself and his wife. (See, also, City of New York [Sullivan] v Sullivan, 246 App Div 55, 56; Matter of Cross, 99 Misc 199, 201; Anonymous v Anonymous, 20 NYS2d 30, 34.) To be of “sufficient ability” within the meaning of the statutes requires a showing that one is possessed of sufficient income or assets for one’s own needs, and then some. (Whalen v Downs, 10 AD2d 148, 151; Copeland v Weber, 175 Misc 403, 405.) In Diele (supra, at p 199), the court reasoned that an individual “will not be compelled to contribute capital accumulated for such purposes or capital which produces income necessary for his livelihood, if by so doing he will impoverish himself. (Matter of Bauer [Byrne], 266 App. Div. 816, affd. 291 N. Y. 711; Matter of Tarantino, 183 Misc. 288; Matter of Willis, 94 Misc. 29; In re Claiborn’s Estate, 51 N. Y. S. 2d 543.)”
Indeed, section 366 (subd 2, par [b]) of the Social Services Law, which defines the eligibility requirements of a person in need of medical care relief, requires that there be a “reasonable evaluation of any * * * income and resources” of the individual involved.
Thus, the clear trend in New York has been away from the blind imposition of absolute and sweeping liability for support upon a relative of a recipient of public assistance when to do so would work a severe injustice on responsible family members and offend normal, equitable sensibilities. (See, e.g., Matter of Parker v Stage, 43 NY2d 128; see, generally, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, §§ 413,415, pp 62, 101.)
The court is very mindful of the importance of guarding the public purse. However, that need for protection must abide reasonable limits, and should not be raised as the sole justification for arbitrarily imposing total liability in cases such as the one at bar. Instead, the court must carefully exercise its discretion with understanding and *527 sensitivity. A proper balance must be struck between the ever present need to reduce the public burden and the equally important need to be humane, and allow respondent to maintain a reasonable degree of dignity and self-reliance in her own remaining years. To strip her of everything she and her husband have accumulated during their years of marriage would be an affront to the conscience of the court, and would certainly very soon require that respondent herself become a public charge.
It is therefore the determination of this court that respondent should contribute $440 per month toward the support of her husband to help offset the Medicaid payments currently being made by the Dutchess County Department of Social Services. The court has chosen to order a figure for monthly payments which is 10% higher than that offered by respondent because, upon consent of the parties, the court takes judicial notice of the availability of investments which would yield more income to respondent than she is presently receiving.
This figure is deemed fair as the court is alert to the probability that respondent’s expenses are likely to increase annually; that as a result of the support payment directed herein, the $70,000 corpus of her savings will be diminished annually; that the income on the reduced corpus will thus necessarily decrease; that the annually reduced income will be insufficient to fully meet her own expenses; and, that she will be required to utilize the corpus of her savings, to a greater degree each year, to maintain her current, modest life-style. The court estimates that if respondent were directed to pay $440 per month, her savings would likely be substantially exhausted within seven years. Based upon respondent’s age, resources, income and her current and probable future needs, both material and otherwise, the court is of the opinion that $440 per month, retroactive to the date of the filing of the petition herein, is the fair and reasonable amount which respondent should be directed to contribute toward her husband’s support.
The court appreciates and regrets that in these unfortunate situations no solution will fully satisfy either of the competing interests. However, the foregoing disposition *528 attempts to serve the valid interests of society and the State, while at the same time not ignoring the legitimate, human needs and interests of respondent.
Moreover, section 369 of the Social Services Law provides the State with the possibility of acquiring from the recipient’s estate any assets remaining following his and his wife’s death in order to further reimburse the Social Services Department for any moneys expended. On the other hand, subdivision (b) of section 445 of the Family Court Act affords respondent an adequate mode of applying for a modification of this order should her financial circumstances take a significant turn for the worse.