OPINION OF THE COURT
Guy P. DePhillips, J.
The petitioner Commissioner of Social Services of the City of New York, pursuant to an assignment of support rights from the assignor, Dayouze S., the wife of respondent Daniel S., instituted a support proceeding against respondent by petition dated April 25, 1983, and filed April 26, 1983. In that petition it is urged that respondent is chargeable with the support of his wife and three children. The issue of support was referred to a hearing examiner to hear and report. Examination of the court files discloses the following procedural history: On June 30, 1983, the hearing examiner adjourned the hearing to September 14, 1983, although confronted by respondent’s admission. of marriage and paternity because respondent claimed he was unemployed and petitioner did not submit evidence concerning the respondent’s employment status. On September 14, 1983, respondent asserted that he was supporting himself by leasing a cab and the matter was adjourned to November 21, 1983, for respondent to submit evidence as to the lease and a financial disclosure statement. On November 21, 1983, respondent sub *33 mitted these items which were objected to by petitioner. The hearing examiner reserved decision on these objections and adjourned the matter to January 26, 1984, to permit petitioner to conduct discovery as to respondent’s financial condition. Although this adjournment was marked “final” against both sides, the hearing was further adjourned to March 28, 1984, and on such date even further adjourned to June 4, 1984, to permit petitioner to conduct an investigation of respondent’s financial circumstances.
On June 4, 1984, the respondent did not appear, and the inquest before the hearing examiner resulted in the examiner’s recommending in his report to the court that the petition be dismissed because of petitioner’s failure to advance any knowledge as to respondent’s income. Petitioner filed an objection to this report on one ground only, to wit, that the hearing examiner erred as a matter of law in recommending dismissal due to failure of proof as to respondent’s income because petitioner is entitled to rely on the prima facie presumption contained in section 437 of the Family Court Act. Said statute provides: “A respondent is prima facie presumed in a hearing [in a support proceeding] to have sufficient means to support his or her spouse and children under the age of twenty-one years.” In effect, petitioner Commissioner of Social Services argues that this “prima facie” presumption allows the petitioner to forego proof of respondent’s financial circumstances. Accordingly, petitioner need only prove the “public charge” needs of the spouse and children and respondent would then have to rebut the presumption or pay the support computed on such “public charge” basis.
Initially it is noted that the statute does not distinguish between support on a means basis or a “public charge” basis. In Green v Green (111 NYS2d 72), the court held that the presumption extends only to a “public charge” or “needs” basis and not to a “means” basis. Recognizing that absence of proof as to a respondent’s financial condition would render speculative any support order on a means basis, the court concluded that £he statutory presumption mandates that where the public charge needs of a petitioner are demonstrated, a support order may issue in the amount of such needs absent proof of respondent’s financial circumstances.
This court respectfully disagrees with the conclusion in Green v Green (supra). The nature of a support order issued in the absence of any proof as to respondent’s financial circumstances and ability to pay support, and justified in this absence solely by the presumption contained in section 437 of the Family Court *34 Act, is just as speculative whether the gravamen of petitioner’s request is a “public charge” needs basis, or a “means” basis. Support for this conclusion is found in Matter of St. Lawrence County Dept, of Social Servs, u Baxter (87 Misc 2d 508), wherein it was held that the section 437 presumption does not result in a presumption of changed circumstances so as to justify modification of a support order. In said case, it was observed that the mere fact that the Department of Social Services utilized a needs formula which provided for a higher amount in support than the amount of support respondent was already ordered to pay, does not constitute changed circumstances. There is required an evidentiary showing in consequence of investigation which could utilize the disclosure devices of the CPLR to illustrate respondent’s financial circumstances and ability to pay.
A spouse has an obligation to support his or her spouse and may be ordered to do so “if possessed of sufficient means or able to earn such means” (Family Ct Act, §§ 412, 442). A parent has an obligation to support a child under 21 years of age and may be ordered to do so “if possessed of sufficient means or able to earn such means” (Family Ct Act, §§ 413, 443). A spouse or parent of a recipient of public assistance is responsible for the support of the recipient “if of sufficient ability” (Family Ct Act, § 415). Indeed, in Matter of Smith v Smith (70 AD2d 938) the appellate court stated: “In a support proceeding, pursuant to section 415 of the Family Court Act, the petitioner has the burden of proving that the person on whose behalf support payments are sought is a recipient of public assistance, that the respondent is a person charged with his or her support under the statute and that the respondent has sufficient financial ability to reimburse the Department of Social Services for payments made to the recipient (Family Ct Act, § 415; Whalen v Downs, 10 AD2d 148; Matter of Dumpson v Cembalist, 23 AD2d 647). In this case * * * the unsworn statements of the [respondent] concerning his gross income, without an examination into his needs, were insufficient to meet petitioner’s burden of proof (see Matter of Rensselaer County Dept, of Social Servs. v Cossart, 38 AD2d 635)” (emphasis supplied).
“There are two kinds of presumption: the presumption of fact and the presumption of law. The former is an inference * * * which may be drawn by the trier of the facts. The latter is a rule of law which requires that a certain fact must be inferred by the court from the existence of certain other facts. It is a definite conclusion of law which must be drawn as soon as a given set of facts is established, even though it may thereafter be rebutted *35 by evidence offered in opposition to it” (Canudo, Evidence, p 14). Presumptions of law are either conclusive or rebuttable.
The statutory presumption set forth in section 437 of the Family Court Act establishes, in terms of sufficient means to support, a prima facie case against the respondent. This presumption the respondent may rebut by offering evidence. Even if no contrary proof is offered, the presumption is not conclusive, but may be rejected by the trier of fact (cf. People v Lemmons, 40 NY2d 505, 510, concerning Penal Law, § 265.15, which provides that the presence of a firearm in an automobile is presumptive evidence of its possession by all persons then occupying the vehicle). It is clear that the presumption of sufficient means is not a presumption of law, but one of fact. Were it otherwise, due process concerns might well undermine the constitutional validity of the enactment. As aptly noted in Ulster County Ct. v Allen (442 US 140, 156): “Inferences and presumptions are a staple of our adversary system of factfinding * * * The value of these evidentiary devices, and their validity under the Due Process Clause, vary from case to case, however, depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder’s freedom to assess the evidence independently.” There is no basic fact set forth in section 437 from which the trier of fact must find the elemental fact of ability to support. It might be argued that the basic fact is the demonstration by petitioner that the person on whose behalf support payments are sought is the recipient of public assistance. However, this fact of itself is unrelated to the ability of the respondent to furnish support, i.e., whether respondent is possessed of sufficient means or able to earn such means. To view the statutory presumption embodied in section 437 as obviating the petitioner’s burden of proof in this regard and requiring that an order of support issue in the absence of rebuttal evidence on respondent’s part effectively removes or ameliorates in great measure the requirement set forth in sections 412, 413, 415, 442 and 443 of the Family Court Act that there be demonstrated to the court respondent’s possession of the ability to furnish such support. To so construe the statute renders it susceptible of unconstitutional application and offensive to due process (see Matter of Roseann R. v William R., 119 Misc 2d 874).
To reiterate, section 437 of the Family Court Act is a presumption of fact — an inference which the trier of fact is authorized, but not required to draw from the evidence in the case. It is not a conclusive presumption of law or a rebuttable presumption of law whose effect is to place the burden on respondent to come *36 forward with evidence to rebut the presumption, i.e., to negative the existence of the presumed fact (see Richardson, Evidence [10th ed], §§ 56-58). “Indeed, as a ‘prima facie’ presumption, it merely survives a respondent’s motion to dismiss for failure to establish a primü facie case at the close of petitioner’s case; it may be disregarded by the court at the close of the respondent’s case — whether or not rebutted by evidence adduced by the respondent.” (Besharov, Practice Commentary, McKinney’s Cons Law of NY, Book 29A, Family Ct Act, § 437, p 257.) Petitioner was afforded ample opportunity to obtain disclosure and investigation with respect to respondent’s financial condition. Petitioner failed to advance satisfactory proof as to whether respondent is possessed of sufficient means or is able to earn such means to support his wife and children. Accordingly, the objection filed by petitioner to the hearing examiner’s report as above indicated, is denied the report is confirmed and the petition is dismissed.