OPINION OF THE COURT
Elrich A. Eastman, J.
The petitioner has filed objections to the Hearing Examin *713 er’s decision of June 26, 1990, dismissing the instant petition for downward modification.
Petitioner asserts that the dismissal, for failure to establish a prima facie case, was an abuse of discretion. The Hearing Examiner indicates that the facts asserted by petitioner do not constitute a change of circumstances. Moreover, the Hearing Examiner was not inclined to disturb a "recently set and fair order of support of the Supreme Court.”
It is well established that a downward modification of a support order can be made upon a showing of changed circumstances. (Matter Gershowitz v Gershowitz, 35 AD2d 816; Reiss v Reiss, 23 AD2d 692; Matter of St. Lawrence County Dept. of Social Servs. v Baxter, 87 Misc 2d 508, 510.)
Additionally, Family Court Act § 451 provides, in pertinent part: "Upon an application to modify * * * an order of support, no hearing shall be required unless such application shall be supported by affidavit and other evidentiary material sufficient to establish a prima facie case for relief requested.”
To ascertain whether petitioner’s change of circumstances are sufficient to establish a prima facie case for the relief requested, a brief history of the events leading to the instant objections is necessary.
Parties were married on October 6, 1984. In July 1987, parties were separated. In late 1988, a divorce action was filed. On December 13, 1988, a hearing was held before a Special Referee in Bronx Supreme Court, with the parties present, to determine maintenance and child support. On February 22, 1989, petitioner purchased a house. On June 6,1989, a divorce judgment was granted. On June 29, 1989, a final order of support was entered. On March 29, 1990 the judgment was affirmed by the Appellate Division. On September 15, 1989 the Child Support Standards Act (L 1989, ch 567) became effective. On February 1, 1990, the instant petition was filed, alleging changed circumstances, to wit: (1) that he has remarried with increased expenses; (2) the subsequent birth of twin sons to the marriage; (3) mortgage of a new house; and (4) respondent’s ability to work.
After review of the papers submitted, this court finds that the birth of the twins, which occurred approximately six months after entry of the final support order, must be construed as a significant change of circumstances. This position accords with current legislative intention as contained in the recently enacted Child Support Standards Act. This new con *714 sideration of subsequently acquired children after divorce and remarriage reflects the change in the social patterns as a result of increasing divorces. Legislative adherence to the time-honored doctrine enunciated in Matter of Windwer v Windwer (39 AD2d 927 [1972]) has given way to new factors in determining child support obligations. This is evident in the statement of the legislative history appended to the Child Support Standards Act. Stated in the memorandum of the State Executive Department is the following:
"The bill * * *
"(h) Sets forth a list of factors upon which a court may make a determination that the basic child support obligation is unjust or inappropriate. Where the court makes such a determination, the court is not required to award the amount of child support yielded by the basic child support obligation.
"Most of the discretionary factors set forth are identical to those in existing statutory language. Among the new factors added is consideration of the amount of family income remaining for the non-custodial parent’s current family. ” (1989 McKinney’s Session Laws of NY, at 2209-2210; emphasis added.)
This view finds further endorsement by the New York State Bar Association, which provides: "While the law is well settled that a support obligor cannot avoid obligations to offspring of a previous marriage by voluntarily undertaking the financial burdens of an additional family, Windwer v. Windwer, 33 N.Y.2d 599, 600 (1973), reality dictates that there be some accommodation made for such subsequently incurred responsibilities. The formula provides no such accommodation. Accordingly, where the court encounters a non-custodial parent with a second or subsequent family, the formula should not be used. Rather, resort should be had to the traditional approach of weighing needs and means and balancing the same in a manner equitable to all concerned, including the after-spawned children who have needs of their own.” (See, Child Support Guidelines, Family Law Section of New York State Bar Association [1987]; 1 Tippens, New York Matrimonial Law and Practice § 5A:53, at 103.)
Clearly, the Legislature took into account the second family dilemma, and intended under Family Court Act § 413 (1) (f) (8) that some accommodation should be made for such subsequently incurred responsibilities.
Family Court Act § 413 (1) (f) (8) provides: "The needs of the children of the non-custodial parent for whom the non-custo *715 dial parent is providing support who are not subject to the instant action and whose support has not been deducted from income pursuant to subclause (D) of clause (vii) of subparagraph five of paragraph (b) of this subdivision, and the financial resources of any person obligated to support such children, provided, however, that this factor may apply only if the resources available to support such children are less than the resources available to support the children who are subject to the instant action” (emphasis added). A support order issued prior to the effective date of the act can be modified pursuant to the standards set forth in the act. Family Court Act § 413 (1) (l) provides that: "In any action or proceeding for modification of an order of child support existing prior to the effective date of this paragraph, brought pursuant to article four of this chapter, the child support standards set forth in paragraphs (a) through (k) of this subdivision shall not constitute grounds for modification of such support order; provided, however, that where the circumstances warrant modification of such order, such standards shall apply”.
Here the final support order was issued prior to the effective date of the act and the court finds that, the circumstances presented herein warrant a hearing on the issue of modification, notwithstanding the fact that the basis for modification falls within the standards set forth in Family Court Act § 413 (1) (a)-(k).
Based on the foregoing, the objections are sustained. Accordingly, the matter is referred back to the Hearing Examiner for a hearing on the issue of modification of the support order, including a consideration of the amount of family income remaining to petitioner’s current family, pursuant to Family Court Act § 413 (1) (f) (8).