■ In the Matter of LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MATTHEW CULHANE, Respondent, v SHELLEY KARLSONS, Appellant. [672 NYS2d 211] —Order unanimously reversed on the law without costs and matter remitted to Livingston County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced the instant proceeding seeking an order directing respondent to pay child support for part of the period in which respondent's son was voluntarily placed in foster care (*see,* Family Ct Act § 234 [b]; §§ 415, 445 [a]; Social Services Law § 101 [1]; § 102; *Matter of Harvey-Cook v Neill*, 118 AD2d 109, 111-112; *Rockland County Dept. of Social Servs. v Brust*, 102 Misc 2d 411, 413). Following a hearing, the Hearing Examiner calculated respondent's support obligation in accordance with the Child Support Standards Act ([CSSA]; *see,* Family Ct Act § 413). Family Court denied respondent's objections and affirmed the Hearing Examiner's order.

Respondent contends that her child support obligation was improperly calculated pursuant to the CSSA rather than section 415 of the Family Court Act. We agree. Both the CSSA (*see,* Family Ct Act § 413 [1] [a]) and Family Court Act § 415 set forth the statutory obligation of parents to support their minor children. Under the circumstances presented by the instant proceeding, however, section 415 rather than the CSSA applies (*see, Matter of Parker v Stage*, 43 NY2d 128, 133-134;

*Matter of Hanley v Smith*, 99 Misc 2d 418, 420). Section 415 affords the court broader discretion to fashion an appropriate support order in view of all the circumstances (*see,* Family Ct Act § 445 [a]; *Matter of Hanley v Smith, supra,* at 420) than does the CSSA (*see,* Family Ct Act § 413 [1] [d], [f]). Thus, the erroneous determination that the court's discretion was constrained by the more exacting standards of the CSSA warrants reversal.

We further agree with the contention that the Hearing Examiner erred in directing respondent to pay over a percentage of the child support payment she received from the child's father. To establish its entitlement to a portion of the father's separate obligation, petitioner should have sought either a modification of the prior order (*see,* Family Ct Act § 451) or a de novo determination of that obligation pursuant to Family Court Act § 415 (*see, Matter of Stone v Schlegal,* 132 Misc 2d 808, 810).

We therefore remit the matter to Livingston County Family Court for a determination of respondent's child support obligation, if any, in accordance with Family Court Act § 415. (Appeal from Order of Livingston County Family Court, Cicoria, J.— Support.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Balio, JJ.