■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of COLLEEN DAY, Appellant, v RICHARD DAY et al., Respondents. [703 NYS2d 269] —In two related support proceedings pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Dutchess County (Amodeo, J.), dated October 27, 1998, which denied its objections to two orders of the same court (Furman, H.E.), dated August 7, 1998, and August 17, 1998, respectively, which, *inter alia,* directed the respondent Mary Ann Day to pay only $625 and the respondent Richard Day to pay only $3,750 as reimbursement to the petitioner for money it expended on behalf of the respondents' minor child while she was in residential care.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced two proceedings, one as to each respondent, seeking reimbursement from them for money it expended on behalf of their minor child while she was in residential care for approximately 25 weeks. After a hearing, the Hearing Examiner determined that for several stated *reasons* she would deviate from the respondents' support obligations as

calculated under the Child Support Standards Act (Family Ct Act § 413). The petitioner's objections to the Hearing Examiner's determinations were denied.

Contrary to the petitioner's contention, the Family Court properly found that Family Court Act § 415, rather than § 413, applies to this case (*see, Matter of Parker v Stage,* 43 NY2d 128, 133-134; *Matter of Livingston County Dept. of Social Servs. [Culhane] v Karlsons,* 249 AD2d 967). Family Court Act § 415 provides, in pertinent part, that "the spouse or *parent of a recipient of public assistance or care* or of a person liable to become in need thereof * * * if of sufficient ability, is responsible for the support of such person * * * [i]n its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means" (emphasis added). As the petitioner concedes, "public assistance" includes residential and foster care. Under the circumstances of this case, the amount awarded by the Family Court was "just and appropriate" (Family Ct Act § 415).

The petitioner's remaining contentions are without merit. O'Brien, J. P., S. Miller, McGinity and Smith, JJ., concur.